**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2763
_____

MEI YUN CHEN,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A088-778-603)
Immigration Judge: Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2013

Before:  SCIRICA, VANASKIE and COWEN, Circuit Judges

(Opinion filed: January 29, 2013 )
_____

OPINION
_____

PER CURIAM.

        Mei Yun Chen, a native and citizen of China, petitions for review of a final

removal order in which the Board of Immigration Appeals ("BIA") affirmed the denial of

Chen's applications for relief from removal.  We will deny the petition for review.

Chen entered the United States in 2000 without inspection. She later married

another Chinese national, and the couple now has two U.S.-born children. In proceedings

before an Immigration Judge ("IJ"), which were brought jointly against Chen and her

husband, Chen conceded removability as an alien present without being admitted or

paroled, and she pursued requests for asylum, withholding of removal, and Convention

Against Torture ("CAT") protection. Chen testified that she fears returning to China now

that she has two children because she (or her husband) will be sterilized and forced to pay

onerous fines for having violated China's one-child family planning policy.

The IJ determined that Chen and her husband failed to meet their burden of proof

for relief from removal. The BIA agreed, holding that Chen and her husband did not

establish an objectively reasonable possibility that they face forcible sterilization or other

persecution. Chen, proceeding without her husband, timely filed this petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a). When, as here, "the BIA issues its

own decision on the merits, rather than a summary affirmance, we review its decision,

not that of the IJ." Hanif v. Att'y Gen., 694 F.3d 479, 483 (3d Cir. 2012). We consider

the IJ's decision "only insofar as the BIA deferred to it." Roye v. Att'y Gen., 693 F.3d

333, 339 (3d Cir. 2012). We review factual findings for substantial evidence, while legal

determinations are reviewed de novo. Hanif, 694 F.3d at 483.[1]

Chen argues that the BIA erred because the evidence supports her claimed fear of

---

[1] Because Chen does not argue in her opening brief that the BIA erred in denying her CAT claim, that issue is waived. See Garcia v. Att'y Gen., 665 F.3d 496, 502 (3d Cir. 2011). Our review is limited to Chen's asylum and withholding of removal claims.

persecution due to the birth of her two children. In particular, she contends that she established a basis for relief through her testimony, which both the IJ and the BIA accepted as credible, and the documentary evidence. Chen maintains that local family planning policy in her native Fujian Province requires that she undergo sterilization, and that she also faces "an enormous fine which would amount to persecution." Brief at 8. Chen asserts that she has an objective basis for fearing persecution, and that the "agency erred when it failed to credit [her] direct evidentiary documents." Id. at 10.

We discern no error in the BIA's analysis. To establish a well-founded fear of future persecution, Chen had to prove both a subjective fear that she will be persecuted in China, and "'that a reasonable person in [her] position would fear persecution, either because [s]he would be individually singled out for persecution or because there is a pattern or practice in [her] home country of persecution against a group of which [s]he is a member.'" Khan v. Att'y Gen., 691 F.3d 488, 496 (3d Cir. 2012) (quoting Huang v. Att'y Gen., 620 F.3d 372, 381 (3d Cir. 2010)).

The BIA noted and discussed Chen's numerous documentary submissions, it highlighted various shortcomings in the evidence, and it concluded that Chen's case cannot be distinguished from prior cases in which the BIA had rejected similar claims. See Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007); Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007). Among other things, the BIA agreed with the IJ that Chen's family planning committee letters are unreliable inasmuch as they are unsigned and unauthenticated, and such documentation from Fujian Province "is subject to wide-spread

fabrication and fraud." A.R. at 4. The BIA also found that letters from Chen's family members in China deserve minimal evidentiary weight because they contain hearsay and the authors were unavailable for cross-examination. The BIA concluded, moreover, that these letters and family planning documents do little to prove that Chen would likely face persecution as a returning national with children born in the United States, and that many of the other documents of record were simply "unreliable, contradicted by reliable sources, ... irrelevant, or ... out of date." A.R. at 4-5.

The BIA also looked to the country condition and other government reports in the record, and it found that they do not support a finding that individuals in Chen's situation experience forced sterilization. With regard to possible fines, the BIA determined that, although "[t]here is evidence that fines are levied against Chinese citizens residing in China who violate the coercive population control policy," Chen did not show "that such fines, if imposed, would be so onerous as to rise to the level of persecution." A.R. at 5.

Findings regarding an alien's fear of future persecution are factual determinations, and are therefore reviewed for substantial evidence. Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). In applying this deferential standard of review, we must accept the BIA's determinations "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "So long as the BIA's decision is supported by 'reasonable, substantial, and probative evidence on the record considered as a whole,' we will not disturb the BIA's disposition of the case." Chavarria, 446 F.3d at 515 (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

Chen has not shown that the record *compels* a finding that she has an objectively reasonable fear of persecution. Chen argues that "[t]he evidence in the record indicates that the usual response to a violation of the [one-child] policy is sterilization." Brief at 7-8. As the BIA explained, however, there is ample evidence, particularly in the country condition and other government reports, to support a contrary finding that Chen is not reasonably likely to suffer forced sterilization. Chen maintains that she also faces an onerous fine, and she points in particular to the 2009 State Department Human Rights Report, which notes that "[t]he law requires each person in a couple that has an unapproved child to pay a 'social compensation fee,' which can reach 10 times a person's annual disposable income." A.R. at 366. This statement, however, does not conclusively establish the nature of any fine that would be levied against Chen, nor does the record as a whole compel a finding that Chen faces "the deliberate imposition of severe economic disadvantage which threatens [her] life or freedom." Li v. Att'y Gen., 400 F.3d 157, 168 (3d Cir. 2005); cf. Ying Chen v. Att'y Gen., 676 F.3d 112, 117 (3d Cir. 2011) (holding that record did not compel a finding that petitioner herself faced the prospect of fines in China rising to the level of persecution).

Finally, Chen challenges the BIA's rejection of certain of her documents for lack of authentication, suggests that the IJ engaged in speculation, and contends that the agency failed to give proper weight to her evidence. Brief at 10-12. We find no record support for these contentions, and they are belied in any event by the substantial evidence supporting the decision to deny Chen's request for asylum. Because withholding of

removal carries a higher burden of proof than asylum, Chen's request for that relief was properly denied, as well.  See <u>Ying Chen</u>, 676 F.3d at 117.

Based on the foregoing, we will deny the petition for review.